POST *v.* RICH.

The action was tried without a jury and the judge found the facts and decided that defendant was entitled to judgment upon them. The plaintiffs ask that the proceedings be reviewed on a case. No point is made on the findings. Unless some error was committed in rulings in regard to evidence, the judgment cannot be disturbed. In respect to most of the facts there was no dispute. But the result hinged upon a conveyance the defendant claimed to have been made by Andrew Rector and Edwin R. Cobb to one Charles A. Rosevelt, in April, 1859, and this conveyance was a deed of assignment with schedules. The main instrument contained apt words of conveyance, but no specific descriptions. The identification of parcels was left to schedules. The defendant claimed that soon after they were made, the deed and schedules were copied by the register of deeds into one of the books of deeds in his office on the request of Rosevelt to record them, and that Rosevelt was dead and the original papers lost, and he gave evidence which was sufficient, *prima facie,* to show the existence and delivery of the papers and their loss, and also that they were copied by the register into the book of deeds, and he was allowed to introduce these copies for the purpose of proving the contents of the lost originals. A number of objections were taken by plaintiffs' counsel, during the course of this proof, but it is unnecessary to detail them. They were all grounded upon the assumption that the copies in the register's book were either records or adduced as records. This was a misapprehension of the scheme of proof. When the entries in the book of deeds were first offered by defendant, plaintiffs' counsel objected to them as not lawful records, and the court sustained the objection. Defendant's counsel then shifted ground and suggested that he would seek to show the conveyance by secondary evidence, and following up the suggestion, he proceeded to give evidence of the existence and loss of the originals, and of their contents, and adduced the entries by the register for this latter purpose.

36 MICH.—3.

This method of proof was not illegal.     It was entirely regular, and the objections, that the record was the best evidence, that it must prove itself, that parol evidence was not admissible to prove the contents of a deed, or change or explain a record, were entirely inapplicable.     Moreover, as already stated, the plaintiffs' counsel had just taken the position that the entries were not records, and had secured a ruling to that effect, which excluded them as records, and when, in consequence of such objection and ruling, the defendant proceeded to use them as mere copies, as a step in making secondary proof, it was scarcely consistent to assume they were records, as a ground for urging new objections. But whether they were or were not regular records, we do not see upon what principle the plaintiffs could object to their use by defendant as inferior proof, if he chose so to use them.     Whether the evidence actually given for that purpose was or was not of sufficient weight to show what the originals contained, is not a question for discussion here. The exceptions only go to the admissibility of the evidence, and it was clearly admissible.

The case presents nothing further.     No ground is seen for disturbing the judgment, and it must be affirmed, with costs.

The other Justices concurred.